DOWNEY BRAND LLP
Matthew J. Weber, California Bar No. 227314
mweber@downeybrand.com
Sean J. Filippini, California Bar No. 232380
sfilippini@downeybrand.com
3425 Brookside Road, Suite A
Stockton, CA  95219-1757
Telephone:    (209) 473-6450
Facsimile:    (209) 473-6455

Attorneys for Use Plaintiff

BIG B CONSTRUCTION, INC.

THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of BIG B CONSTRUCTION, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASCON, INC., a California Corporation, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:14-cv-01979-JAM-KJN<br><br>**STIPULATION FOR STAY PENDING ARBITRATION; ORDER THEREON** |

1396768.3

STIPULATION FOR STAY PENDING ARBITRATION AND ORDER

Plaintiff Big B Construction, Inc. ("Big B"), and Defendants Mascon, Inc. ("Mascon"), and Travelers Casualty and Surety of America ("Travelers") by and through their attorneys of record, hereby stipulate and agree as follows:

1. Mascon was awarded a contract by the United States of America, through the Department of Army, more particularly identified as Contract No. W91238-12-C-0021 (the "Prime Contract"), for certain public work of improvements consisting of the construction of a new Public Safety Center Facility at the Defense Depot Joaquin Complex in Tracy, San Joaquin County, California (the "Project").

2. Under 40 U.S.C. §§ 3131-3133, Mascon, as principal, and Travelers, as surety, executed and delivered a payment bond, more particularly identified as Bond No. 105755297 (the "Payment Bond"), guaranteeing the payment of all persons supplying labor and material in the prosecution of the work provided for in the Prime Contract and any and all duly authorized modifications thereof. Further, pursuant to the Payment Bond, Mascon and Travelers bound themselves jointly and severally for the purpose of allowing a joint action or actions against any or all of them and bound themselves in a sum of money equal to the Prime Contract price.

3. On or about September 27, 2012, Big B and Mascon entered into a subcontract which provided that Big B would furnish labor, material, and equipment to construct cast-in-place building concrete and site concrete as part of the overall construction of the Project (the "Subcontract").

4. Big B performed work pursuant to the Subcontract. Thereafter, Big B and Mascon became involved in a dispute over payment and performance of the Work under the Subcontract.

5. As a result, Big B filed the above entitled lawsuit against Mascon and Travelers on or about August 25, 2014, alleging claims for: 1) Recovery on Bond (Miller Act), 2) Breach of Contract, 3) Account Stated, and 4) Goods and Services Rendered.

6. The Subcontract contains an agreement to arbitrate disputes arising out of, or relating to, the Subcontract. Nevertheless, Big B initiated this lawsuit to secure its rights to make a claim against Travelers (who is not a signatory to the Subcontract) on the Payment Bond.

7. Therefore, Big B, Mascon, and Travelers stipulate and agree that they shall submit

this dispute to mediation and complete mediation before a mutually agreeable mediator within the earlier of the two following dates:

A) Sixty days after the Project is physically complete and the United States Department of the Army's ("Owner") subsequent contractual "acceptance" of the Project (i.e., when the Owner issues its undisputed final change orders, including but not limited to the Owner's compensable and/or non-compensable schedule adjustments); or

B) Sixty days after March 30, 2015.

8. If mediation does not completely resolve all of the issues between the parties, Big B, Mascon, and Travelers stipulate and agree that they shall submit this dispute to a mutually agreeable arbitrator (through either JAMS or AAA or another service agreed upon by the parties) to be arbitrated as a binding arbitration, consistent with the provisions of the Subcontract. The agreement on the arbitrator and submission of the matter to binding arbitration, and formal initiation of the arbitration, shall occur no later than 30 days after the mediation is completed. Even though Travelers is not a signatory to the Subcontract, it expressly agrees, through this stipulation, to participate in, and be bound by, the stipulated binding arbitration as set forth in this paragraph.

9. Big B, Mascon, and Travelers, further stipulate and agree that any statutes of limitations applicable to Big B's claims against Mascon or Travelers (regardless of whether asserted in this lawsuit) shall be tolled from the date of the filing of the Complaint in this lawsuit (August 25, 2014).

10. Big B, Mascon, and Travelers further stipulate and agree that this lawsuit should be STAYED for all purposes pending arbitration. The parties further agree that the stay shall remain in effect until resolution of this dispute by arbitration and pending entry of an arbitrator's award in this Court.

DATED: February 9, 2015                          DOWNEY BRAND LLP


                                                 By:        /s/ Sean J. Filippini
                                                        MATTHEW J. WEBER
                                                        SEAN J. FILIPPINI
                                                 Attorneys for Plaintiff BIG B CONSTRUCTION,
                                                                        INC.


DATED: February 9, 2015                          KENNADAY, LEAVITT & DAPONDE


                                                 By:    /s/ George Gore (*auth'd on 2/9/15*)
                                                          GEORGE GORE
                                                       Attorneys for Defendants
                                                  MASCON, INC., and TRAVELERS CASUALTY
                                                   AND SURETY COMPANY OF AMERICA




Good cause appearing, IT IS SO ORDERED.


Dated: 2/9/2015                                  /s/ John A. Mendez
                                                 John A. Mendez
                                                 U. S. District Court Judge

1396768.3                              3

STIPULATION FOR STAY PENDING ARBITRATION AND ORDER